IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EAST TEXAS CANOPY, INC. | § | |
| | § | |
| V. | § | CASE NO. _____ |
| | § | |
| SENTINEL INSURANCE COMPANY, LTD. | § | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW EAST TEXAS CANOPY, INC., (hereinafter referred to as "ETC") and files this its Original Complaint against Defendant SENTINEL INSURANCE COMPANY, LTD. (hereinafter referred to as "Sentinel"), and in support thereof would respectfully show unto the Court as follows:

1. Plaintiff East Texas Canopy, Inc. is a corporation organized under the laws of Texas with its principal place of business in Whitehouse, Smith County, Texas.

2. Defendant Sentinel Insurance Company, Ltd. is an insurance company duly organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut. Defendant Sentinel may be served with process through its registered agent for service, CT Corporation Systems, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.

3. This action is brought based upon 28 U.S.C. §1332 as there exists a diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, Plaintiff seeks a declaratory judgment concerning its rights regarding the controversy which exists between the parties pursuant to 28 U.S.C. §2201.

4. Venue is proper under 28 U.S.C. §1391(b)(2) as based upon information and belief the sale

and conversion of the property occurred within this district and division.

5.      ETC was insured by Defendant Sentinel under Policy No. 46 SBA ZJ0476, with effective dates of August 7, 2014 through August 7, 2016.  The policy in question provided coverage for theft of ETC's property.  During the subject policy period ETC sustained theft of property that was reported to Defendant Sentinel and submitted for coverage.

6.      ETC is a manufacturer and fabricator of covers, awnings, and sun shades which are used for a variety of applications.  As a part of its regular business operation, ETC maintains large quantities of metal that include aluminum products.  This information was known to Defendant Sentinel at all times relevant to this litigation.

7.      Without ETC's knowledge, large quantities of metal products were stolen from its property.  ETC first became aware of the thefts by the Texas Department of Public Safety who reported large quantities of material stolen from ETC had been sold for scrap at local metal yards.  Defendant Sentinel has not disputed these thefts occurred.

8.      Upon learning of the theft ETC promptly notified Defendant Sentinel through its agent about the thefts and submitted a claim.  Defendant Sentinel commenced an investigation and requested from ETC information concerning the claim.  All requested information was provided to Defendant Sentinel by January 7, 2020.

9.      On February 19, 2020, Defendant Sentinel forwarded correspondence advising ETC that their investigation determined the thefts were "apparently perpetrated" by ETC's employees.  As a result, Defendant Sentinel tendered payment of $25,000.  This payment was mistakenly paid under the Employee Dishonesty Provision of the policy and constitutes the limits of such coverage.  All remaining losses were denied.

10.     Defendant Sentinel denied coverage for the remaining losses citing Special Property Coverage Form (SS 00 07 07 05) which contains the following exclusion:

> **B.    EXCLUSIONS**
>
> > **2.** We will not pay for physical loss of physical damage caused by or resulting from:
> >
> > > **e. Dishonesty:** Dishonest or criminal act by you, any of your partners, "members", officers, "managers", employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:
> > >
> > > > **(1)** Acting alone or in collusion with others; or
> > > >
> > > > **(2)** Whether or not occurring during the hours of employment.
> > > >
> > > > This exclusion does not apply to acts of destruction by your employees; but theft by employees is not covered.
> > >
> > > **f. False Pretense:** Voluntary parting with any property by you or anyone else to whom you have entrusted the property if induced to do so by any fraudulent scheme, trick, device or false pretense.

Defendant Sentinel's refusal to cover the remaining loss was based upon Sentinel's finding that the theft was "apparently perpetrated by employees of East Texas Canopy". ETC requested that Defendant Sentinel provide the factual basis for its conclusion and refused to provide coverage for all of the losses. Defendant Sentinel responded that based upon a police report from an unrelated theft in 2017, it was "accurate" to conclude that the thefts in question were also committed by an employee. No other explanation was provided.

11.     Defendant Sentinel's response demonstrates that Defendant has no reasonable basis upon which to deny coverage for the thefts. Defendant conducted a result oriented investigation and has

*Plaintiff's Original Complaint – Page 3*

wholly failed to meet its burden of proof to demonstrate that the loss in question is subject to the policy exclusion relied upon.

12.     The fair market value of the property stolen is no less than $160,000. As a proximate result of Defendant Sentinel's breach of its contractual obligation ETC has sustained losses in that amount, less the payment of $25,000 for losses previously paid.

## BREACH OF CONTRACT

13.     Defendant Sentinel issued a policy of insurance that provided coverage for the subject thefts. Defendant has breached its contract by failing to provide coverage for the losses and proximately caused damage to Plaintiff by failing to cover $135,000 in theft loss.

## DUTY OF GOOD FAITH AND FAIR DEALING

14.     As an insurer, Defendant Sentinel owed ETC a duty of good faith and fair dealing. Defendant has breached this obligation by failing to conduct a reasonable investigation of the subject claim. No reasonable basis exists for Defendant Sentinel's refusal to provide coverage. Defendant's denial of coverage acknowledges that its conclusion was based on speculation. Further, Defendant's reliance upon the subject exclusion is without factual basis and demonstrates Defendant's unwillingness to fulfill its contractual duties as well as its intent to avoid the payment of a valid claim. Such conduct constitutes not only a breach of its duty of good faith and fair dealing, but also a conscious indifference to ETC's rights amounting to gross negligence.

## PROMPT PAYMENT

15.     Defendant Sentinel violated Section 542.056(a) Texas Insurance Code by failing to notify ETC of its decision within 15 days of receiving all information requested by the Defendant. Defendant's acceptance of a portion of the claim under Employee Dishonesty Coverage, as well as

Defendant's denial of the remaining losses came long after the 15th business day all requested information was provided. ETC is therefore entitled to recover interest on the amount owed at 18% a year, as well as reasonable and necessary attorney's fees.

## **DECLARATORY RELIEF**

16. Pursuant to 28 U.S.C. §2201, ETC requests that the Court enter a declaratory judgment declaring the rights of the parties. Plaintiff ETC requests judgment that:

   a) Defendant Sentinel breached its contract by refusing to reimburse ETC for losses which are the subject of this litigation;

   b) Defendant Sentinel has failed to establish that the claim in question is excluded under the cited exclusion;

   c) Defendant Sentinel is obligated to compensate ETC for all its losses totaling $160,000;

   d) Defendant Sentinel breached the duty of good faith and fair dealing in its handling of the subject claim and is liable for damages resulting therefrom;

   e) Defendant Sentinel violated Section 542.056(a) of the Texas Insurance Code; and

   f) ETC is entitled to recover 18% interest on the amount owed together with reasonable and necessary attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff East Texas Canopy, Inc. prays that Defendant by duly cited and commanded to appear by law and answer herein; that on final hearing hereof Plaintiff have judgment against Defendant, and for such other and further relief, whether at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

BOYD BOYD & GIDDENS

BY:    */s/ Paul M. Boyd*
      PAUL M. BOYD
      State Bar No. 02775700
      1215 Pruitt Place
      Tyler, Texas 75703
      903/526-9000
      903/526-9001 (FAX)
      pboyd@boydlawtexas.com

ATTORNEY FOR PLAINTIFF